

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Abraham Untermyer, | ) | |
| | ) | No. 06 CV 5658 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| College of Lake County, | ) | |
| | ) | Honorable William J. Hibbler |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Abraham Untermyer ("Untermyer") is a former student, who has a hearing impairment, at the College of Lake County ("College"). Untermyer filed the underlying action against the College in state court alleging breach of a contractual agreement. Defendant timely removed the case to federal court on the ground that Plaintiff's breach of contract claim is based upon the Rehabilitation Act of 1973 ("Rehabilitation Act"), *29 U.S.C. § 794*. Plaintiff now moves to remand these proceedings to Illinois state court pursuant to *28 U.S.C. § 1447(c)* contending that the Complaint alleges a pure state law breach of contract claim. Further, Defendant moves to dismiss Plaintiff's Complaint in its entirety, pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. For the reasons set forth below, Plaintiff's motion to remand is DENIED. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.

1

## I. Factual Background

The following summary of factual allegations is taken from Plaintiff's complaint and is deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005).

Untermyer, because of his hearing impairment, utilized sign language as his primary method of communication. When he enrolled as a student at the College, the College provided him with sign language interpreter services during his classes. Although initially pleased with the quality of the services, subsequently during his tenure at the College Untermyer began experiencing problems with the interpreters. He alleges that on several occasions interpreters missed his classes and that for some of the classes in which the College provided a substitute, the substitute interpreter was unfamiliar with the class nomenclature which caused problems in translating and conveying the subject matter. After expressing his concerns, Untermyer and the College agreed that Untermyer would be assigned two specific interpreters who would alternate providing him with sign language interpreter services. In summer 2001, Untermyer met with the College coordinator of disabled student services and requested the two specific interpreters who were familiar with a Calculus III class. One of the requested interpreters, however, was unavailable and the College assigned another interpreter, allegedly against Untermyer's advice, to Untermyer. Untermyer contends that during the course of the class he was provided with a large number of different interpreters, who were unable to accurately translate the information from the class. Untermyer communicated his concerns to the College regarding the inadequate service he received from the interpreters, but the College failed to take any remedial action. Untermyer asserts that these problems with the sign language interpreter services resulted in him receiving a grade of "B."

## II. Standard of Review

Pursuant to *28 U.S.C. § 1441(a)*, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States . . ." Subject matter jurisdiction over this action exists if a "federal question" is involved. *See 28 U.S.C. § 1331*.[1] Defendant argues that Plaintiff's claim is one that arises under the Rehabilitation Act, while Plaintiff contends his issues arise solely under Illinois law. Defendant, as the removing party, bears the burden of establishing that jurisdiction appropriately lies in the district court. *In re County Collector (Appeal of O'Brien)*, 96 F.3d 890, 895 (7th Cir. 1996). To determine if federal-question jurisdiction is present, the Court follows the "well-pleaded complaint rule," and looks at whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 2429, 96 L.Ed. 2d 318 (1987). However, a plaintiff cannot avoid a federal forum by "artfully pleading" what is essentially a federal claim in terms of state law. *Commonwealth Edison Co., v. Int'l Brotherhood of Elec. Workers, Local Union No. 15*, 961 F. Supp. 1154, 1160 (N.D. Ill. 1996). *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 2853, 77 L. Ed. 2d 420 (1983) ("it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint").

Additionally, motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the

---

[1] Neither side has argued that diversity jurisdiction exists under *28 U.S.C. § 1332*.

light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998).

### III. Analysis

#### A. Motion to Remand

Plaintiff argues that the issue in this case does not arise under the Rehabilitation Act,[2] it is strictly a state law breach of contract claim and thus should be remanded to state court. The Court disagrees. Plaintiff alleges, as his sole count, that the College breached its contractual and legal obligations pursuant to state law and does not implicate federal law.[3] In his complaint Plaintiff sets forth that the source of these contractual obligations was in the Rehabilitation Act. In particular, the Complaint charges *"College of Lake County has a legal contractual obligation created by the Rehabilitation Act of 1973, 29 U.S.C. §794* to provide deaf persons like Mr. Untermyer with quality sign language interpreter services for their classes, regardless of the 1973 Rehabilitation Act statute of limitations." (Compl. at 2.)(emphasis added). Thus, by Plaintiff's own admission, the claim arises under the Rehabilitation Act. As such, a federal question is presented and the case was properly removed to federal court. *See Gary B. v. Cronin,* 542 F. Supp. 102, 107 (N.D. Ill 1980)(explaining

---

[2] Plaintiff subsequently conceded that he has no actionable claim under the Rehabilitation Act due to the tolling of the statute of limitations period. (Reply at 1.)

[3] Although the Complaint lacks any such labels, Plaintiff contends that the Complaint is stated in one count. (Mot. for Remand at 2.)

4

that Rehabilitation Act involves a federal question). Although Plaintiff's complaint alleges that the obligation exists outside of the statute of limitations set forth in the Act in order to subvert those time limitations, it is disingenuous for Plaintiff to argue otherwise when the complaint also alleges that the contractual obligation is grounded in the Act.. Therefore, Plaintiff's motion to remand is denied.

### B. Motion to Dismiss

The Seventh Circuit has held that a party that "pleads facts that show that his suit is time-barred . . . has pleaded himself out of court." *Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 718 (7th Cir. 1993). The statute of limitations applicable to claims arising under the Rehabilitation Act is to be governed by the limitations period for personal injury actions in the state where the federal court sits. *Wilson v. Garcia,* 471 U.S. 261, 279-280, 85 L. Ed 2d 254, 105 S. Ct. 1938. In Illinois, the applicable limitations period for personal injury claims is two years. *735 ILCS 5/13-202; Bush v. Commonwealth Edison Co.,* 990 F.2d 928, 933 (7th Cir. 1993)(stating that the limitations period for Rehabilitation Act claims in Illinois is 2 years). Accordingly, in order to comply with the limitations period, Plaintiff had to file his complaint on or before August 2003, since his cause of action arose during that month in 2001.[4] Plaintiff untimely filed his complaint on September 5, 2006; three years after the expiration of the limitations period. Consequently, Defendant's motion to dismiss is granted.

---

[4] The Complaint is unclear as to the exact day or month of the alleged wrongdoing, stating that the events occurred in "Fall 2001." (Compl. at 4.) However, even if the Court holds these events to have taken place in December 2001, the limitations period has still tolled.

5

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand. Defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED.

7/23/07
Dated

The Honorable William J. Hibbler
United States District Court

JUL 23 2007

6